UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-61610-BLOOM

DYNZA MACKEY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court upon the *pro se* Movant's "Motion for Further Extension of Time." ECF No. [18]. Movant filed his initial Motion to Vacate pursuant to 28 U.S.C. § 2255 in August. ECF No. [1]. After Magistrate Judge Reid ordered Movant to amend the Motion, he moved for an extension of time, which Judge Reid granted. ECF Nos. [8] & [11].

Movant has again moved for a further extension, asserting that he needs more time to file his Amended Motion because he is unable to access his legal documents or the law library at his institution of confinement. ECF No. [18]. He claims that his institution withheld his legal materials due to the projected closing of the facility, and is continuing to deny him access even though the facility closure has now been delayed until next year. *Id*. at 2. As such, in addition to his request for an extension of time, he requests the Court order the facility to provide him his legal materials and access to the law library. *Id.*

It is well-settled that inmates are not entitled to equitable tolling of the statute of limitations simply based on an inability to access the law library. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Regardless, even if Movant was so entitled, he has not alleged any specific

facts to suggest what issues he wishes to research in the law library in preparation for filing his Amended Motion, nor has he alleged any specific facts to suggest that why he needs his legal documents to draft the Amended Motion.

Moreover, "courts should be particularly deferential to the informed discretion of corrections officials" in the implementation of prison regulations and procedures. *See Turner v. Safley*, 482 U.S. 78, 90 (1987) (citing *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 132 (1977)). Here, Movant does not provide any facts to suggest that such extraordinary circumstances exist that would warrant Court interference with prison procedures regarding access to the law library at his facility of confinement.

Lastly, to the extent the Court construes Movant's request as one for injunctive relief, his Motion fails because: (1) he has not established a substantial likelihood of success on the merits; and (2) his facility of confinement is a non-party to this action, and he has not established any facts that the facility is in privity with the opposing party in this case. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (stating that a movant must establish a substantial likelihood of success on the merits as one of the requirements to warrant injunctive relief); *ADT LLC v. NorthStar Alarm Services, LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017) (finding that an injunction can only bind a nonparty if the "relationship between the one who is a party on the record and the non-party is sufficiently close") (internal citation omitted).

However, the Court is not unsympathetic to Movant's situation, and will afford him a final extension of time to file his Amended Motion to Vacate. Therefore, it is

**ORDERED AND ADJUDGED** that

1. Movant's "Motion for Further Extension of Time," ECF No. [18] is **GRANTED IN PART AND DENIED IN PART**. The request for an extension of time is **GRANTED,**

Case No. 20-cv-61610-BLOOM

but the request for an order compelling the institution to provide Movant his legal materials and access to the law library is **DENIED.**

2. The Clerk shall resend to Petitioner a copy of Judge Reid's prior Order to Amend, ECF No. [5], and a § 2255 form motion.

3. Petitioner shall file his Amended Motion to Vacate by November 9, 2020, complying with all other requirements of Judge Reid's prior Order.

4. No further extensions of time will be considered absent circumstances that are truly extraordinary.

**DONE AND ORDERED** at Miami, Florida, this 9th day of October, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc:   Dynza Mackey
      19578-104
      D. Ray James
      Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 2000
      Folkston, GA 31537
      PRO SE

      Noticing 2255 US Attorney
      Email: usafls-2255@usdoj.gov