UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-61610-BLOOM

DYNZA MACKEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AND NOTICE TO COURT**

**THIS CAUSE** is before the Court upon Petitioner Dynza Mackey's ("Petitioner") Motion to Reconsider 2255 ("Motion"), ECF No. [42], filed on August 3, 2021, and Notice to the Court ("Notice"), ECF No. [43], filed on August 6, 2021.[1] For the reasons set forth below, the Motion and Notice are denied.

Petitioner timely filed his Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Amended Motion"), ECF No. [22], challenging his conviction and sentence following entry of a negotiated guilty plea for aggravated identity theft and unlawful transfer, possession, or use of a means of identification.[2] The Government filed a Response to the Amended Motion, ECF No. [27] ("Response"), with

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations and internal quotation marks omitted).

[2] In exchange for a guilty plea, the Government agreed to seek dismissal of two other counts in the indictment, possession of device-making equipment and access device fraud. CR-ECF No. [21]. Following entry of a knowing and voluntary guilty plea, Petitioner was adjudicated guilty and sentenced to a total of sixty-one months. ECF No. [27-2] at 28-30. Petitioner did not file a direct appeal.

supporting exhibits, ECF Nos. [27-1] & [27-2]. Petitioner also submitted a Reply. ECF No. [30] ("Reply").

Petitioner now states that he preserved issues for appeal when, at his sentencing hearing, he formally opposed and objected to "a long list of issues." ECF No. [42] at 1. He argues that in his Amended Motion he "sought redress to the very same issues raised by him at sentencing" and the "issues raised represent[] almost 50% of [Petitioner's] 61[-]month sentence and if gone uncorrected would prove to be a huge miscarriage of justice[.]" *Id.* Petitioner lists the following as "objections and raised issues": "characteristics of the defendant"; "sentencing disparities"; "criminal history calculation"; "immigration detainer"; "use of evidence planted by the police"; "items the court considered untimely"; "sentence disparities"; and "satisfaction of representation." *Id.* at 2-7.

Petitioner attached two exhibits to the Motion. The first, a letter from Deputy Attorney General of the United States Sally O. Yates, dated August 16, 2016, with the subject line "Reducing our Use of Private Prisons." *Id.* at 8-9. The second, a purported affidavit from an individual named Alexis Higgs regarding the circumstances surrounding Petitioner's October 26, 2015 arrest. *Id.* at 10-11. In the separately filed Notice, Petitioner includes "case law in support of the affidavit" and additional argument regarding Petitioner's ineffective assistance of counsel and breach of plea agreement claims. ECF No. [43].

A litigant may move for reconsideration pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 59(e), reconsideration is proper when there is: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) a need to correct a clear error of law or fact or prevent manifest injustice. *See Board. Of Trs. Of Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). Similarly, under

Rule 60(b), relief from a final order is appropriate based on:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on the earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To prevail on a motion to reconsider, the moving party must demonstrate why the court should reverse its prior decision by setting forth facts or law of a strongly convincing nature. A motion to reconsider should not be used as a vehicle "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be overturned for an abuse of discretion. *See Bey v. Carrington Mortg. Servs., LLC*, 805 F. App'x 981, 983 (11th Cir. 2020) (per curiam) (citation omitted).

On the merits, Petitioner seeks reconsideration of this § 2255 proceeding to raise arguments previously rejected by this Court, or to raise new claims, which could have been, but were not previously raised. Petitioner fails to provide the Court with any viable reasons that warrant reconsideration under either Rule 59 or Rule 60(b). Petitioner does not offer any new evidence or new arguments not previously considered, and merely seeks reconsideration of claims previously raised and rejected by the Court.

The Eleventh Circuit has held that the denial of a Rule 59 motion is a "final order" in a habeas corpus proceeding and requires a Certificate of Appealability ("COA") before an appeal may proceed. *See* 28 U.S.C. § 2253(c)(1); *Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013) (citations omitted); *see also Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263-64 (11th Cir. 2004) (en banc) (concluding that the denial of a Fed. R. Civ. P. 60(b) motion constitutes a "final order" under section 2253(c)(1) and, thus, requires a COA). Upon consideration of the record as a whole, a certificate of appealability shall not issue.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Dynza Mackey's Motion to Reconsider 2255, **ECF No. [42]**, and Notice to the Court, **ECF No. [43]**, are **DENIED**.

2. No certificate of appealability shall issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 17, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Dynza Mackey
#19578-104
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 4000

Case No. 20-cv-61610-BLOOM

Manchester, KY 40962